IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| PATAGONIA, INC., | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR COUNTERFEITING, |
| | ) | TRADEMARK INFRINGEMENT, |
| v. | ) | UNFAIR COMPETITION, AND |
| | ) | COPYRIGHT INFRINGEMENT |
| AMY HOLLEY ASHLEY, | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMAND |
| | ) | |

**COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND COPYRIGHT INFRINGEMENT**

This lawsuit seeks to stop Amy Holley Ashley ("Defendant") from counterfeiting, infringing, and misusing Patagonia, Inc.'s ("Patagonia") trademarks. Defendant is importing, promoting, marketing, offering, and selling apparel products that bear counterfeit replicas of Patagonia's famous trademarks and logos, while falsely representing to consumers that those products are genuine and authorized and infringe Patagonia's copyrights. To stop this conduct and recover appropriate compensation, Patagonia alleges as follows:

**CITIZENSHIP OF THE PARTIES**

1. Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, and marketing clothing for more than forty years. Today, Patagonia and the PATAGONIA brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2. Amy Holley Ashley is an individual who, on information and belief, resides in or around Greenwood County, South Carolina.

- 1 -

3.Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). Patagonia's claims for copyright infringement arise from Defendant's infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).

4.This Court has personal jurisdiction over Defendant because Defendant resides and conducts her business in this district. Defendant also operates interactive websites, including interactive Facebook Groups, that are used to sell her infringing and counterfeit products, and that are accessible by consumers in this district. Those Facebook Groups are used by Defendant to post advertisements for infringing and counterfeit products, receive orders, and arrange payment and delivery.

5.Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a) because Defendant resides in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**The History of Patagonia**

6.Yvon Chouinard started Patagonia in the late 1960's to design and sell climbing clothes and other active sportswear. He adopted the "PATAGONIA" brand to differentiate the business from another family business that designed and manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos and condors. Since at least 1973, the

PATAGONIA brand has appeared on a label inspired by a silhouette of the jagged peaks of Mt. Fitz Roy skyline framed by a multi-colored sky.

7. In the more than forty years since Patagonia's business started, the PATAGONIA brand and the Fitz Roy logo have become one of the most identifiable brands in the world. Patagonia's products are designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as sportswear, which are sold around the world. Patagonia also sells PATAGONIA gear and backpacks, food products and outfits babies and toddlers as well as teens and adults.

8. Over the years, Patagonia has earned accolades for every aspect of its business. Its products have won numerous awards for their technical merit, including multiple "Gear of the Year" awards from Outside Magazine; multiple "Skier's Choice Awards" from Powder Magazine; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, 2014, and 2016; "Editor's Choice" and "Top Pick" awards from OutdoorGearLab; Men's Journal's "Gear of the Year" award; and the Gear Institute's "Best New Gear" award in Winter 2017.

9. Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for twenty years. It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to grassroots environmental groups to preserve and restore our natural environment, donating

$89 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 non-profits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  The PATAGONIA Trademark

10.    Patagonia owns numerous registrations for the PATAGONIA trademark, and for its distinctive multi-colored logo depicting the Mt. Fitz Roy skyline (the "Fitz Roy Design"), for a wide ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing – Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods, and Rainwear. | 08/1974 |
| [patagonia logo] | 1294523 / Sept. 11, 1984 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts, and Belts. | 08/1974-1981 |
| [Fitz Roy skyline design] | 1547469 / July 11, 1989 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, and Belts. | 08/1974 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| patagonia (logo) | 1775623 / June 8, 1993 | Luggage, Back Packs, and All-Purpose Sports Bags. | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, Back Packs, Fanny Packs, and All-Purpose Sport Bags, Footwear, Ski Bags, and Ski Gloves. | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of on-line information related to the environment and clothing. | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |

These registrations and applications for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the Fitz Roy Design follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a registered copyright (Reg. No. VA 1-801-788) for the Fitz Roy Design.

11.     The PATAGONIA trademarks are distinctive, arbitrary, and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered in ninety countries.

12.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers.  Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.

13.     Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and in South Carolina.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks have long enjoyed strong consumer recognition, and are recognized around the world

and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Defendant's Promotion and Sale of Counterfeit Products**

14. In blatant disregard of Patagonia's rights in the PATAGONIA trademarks – and without authorization from Patagonia – Patagonia is informed and believes that Defendant has imported, promoted, distributed, offered, and sold apparel products, bearing one or more identical or substantially indistinguishable imitations of Patagonia's federally registered marks (the "Counterfeit Products"), and that Defendant continues to promote, distribute, offer, and sell such Counterfeit Products.

15. On information and belief, Defendant engaged in the conduct described in this Complaint with knowledge of Patagonia's rights in the PATAGONIA trademarks, rendering such conduct knowing, willful, intentional, and/or malicious.

16. On information and belief, Defendant promotes, distributes, offers, and sells the Counterfeit Products using social media, including her Facebook user account and the Facebook Group Wholesale Group For Small Businesses (the "Facebook Group") wherein Defendant is the group administrator. Defendant posts to this Facebook Group announcing that she has received inventory, and soliciting orders and offers from other social media users. Defendant communicates with her customers about orders, payment and delivery through this Facebook Group. Representative images of Defendant's social media conversations related to the Counterfeit Products follow.



17.     The Counterfeit Products that are manufactured, distributed, offered for sale, and sold by or at the direction of Defendant have not been licensed, authorized, sponsored, endorsed, or approved by Patagonia, and Defendant is not associated, affiliated, or connected

with Patagonia, or licensed, authorized, sponsored, endorsed, or approved by Patagonia in any way.

18. The Counterfeit Products are visually similar to goods sold by Patagonia, and the parties' respective goods are sold through similar and overlapping channels of trade. The Counterfeit Products, however, are of a vastly inferior quality to Patagonia's genuine apparel products, causing further harm to Patagonia, its reputation and goodwill, and the PATAGONIA trademarks.

19. Defendant's copying of Patagonia's copyrighted Fitz Roy Design violates Patagonia's rights in the design, and has caused damage to Patagonia.

20. Defendant's wholesale copying of Patagonia's trademarks is likely to deceive, confuse, and mislead actual and prospective consumers regarding the source of the Counterfeit Products, including whether the Counterfeit Products are genuine Patagonia products, and/or whether Patagonia has sponsored, authorized, or is somehow affiliated with Defendant. Such consumers are likely to be deceived, confused, and mislead before, during and after purchase. Patagonia, consequently, has no alternative but to protect its goodwill and famous trademarks by obtaining an injunction against Defendant's further promotion, distribution, offer, and sale of the Counterfeit Products.

21. Patagonia is informed and believes that Defendant has sourced, marketed, and sold substantial quantities of the Counterfeit Products, and have obtained and continue to profit from such sales.

22. Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by

this Court, she will continue and/or expand her illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

    a.    Depriving Patagonia of its statutory rights to use and control use of its trademarks and copyrights;

    b.    Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the Counterfeit Products;

    c.    Causing the public falsely to associate Patagonia with Defendant and/or her low-quality Counterfeit Products, or vice versa;

    d.    Causing incalculable and irreparable damage to Patagonia's goodwill and the PATAGONIA trademarks and to the public; and

    e.    Causing Patagonia to lose sales of its genuine products.

23.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant and all persons acting in concert with her.

## FIRST CLAIM
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. §§ 1114-1117)

24.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25.    Defendant has, on the same goods encompassed by Patagonia's federal registrations, used marks that are identical to, or substantially indistinguishable from, the federally registered PATAGONIA and Fitz Roy trademarks,.

26.    Defendant's actions demonstrate an intentional, willful, and malicious intent to counterfeit Patagonia's federally registered trademarks in violation of 15 U.S.C. § 1116(d).

27.    Because Defendant has caused, and is likely to continue causing, substantial injury to the public and to Patagonia for which Patagonia has no adequate remedy at law, and

because this is an exceptional case, Patagonia is entitled to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the counterfeit goods under 15 U.S.C. § 1116.

## SECOND CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. §§ 1114-1117)

28. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of Counterfeit Products, words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

30. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Defendant's unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

32. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop promoting, distributing, offering, and selling infringing and Counterfeit Products.

## THIRD CLAIM
## FEDERAL UNFAIR COMPETITION
## (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

33. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

34. Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C.

§ 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

35. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Defendant's unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

36. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop promoting, distributing, offering, and selling Counterfeit Products.

## FOURTH CLAIM
## FEDERAL COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101, *et seq.*, and 17 U.S.C. §§ 501, *et seq.*)

37. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

38. Patagonia owns the copyright for its Fitz Roy Design, which is federally registered and, on information and belief, was registered prior to Defendant's copying.

39. Defendant has copied, advertised, offered for sale, and/or sold copies of the Fitz Roy Design without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

40. Defendant's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement. Patagonia alleges that Defendant acted intentionally, willfully, and in bad faith when she reproduced, advertised, distributed, displayed, and/or sold the infringing designs.

41. Defendant's infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy

at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

42. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendant as a result of her infringement, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election. 17 U.S.C. § 504.

### FIFTH CLAIM
### SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
(S.C. Code Ann. §§ 39-5-10, *et seq.*)

43. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44. Defendant's conduct as alleged in this Complaint constitutes unfair and deceptive acts or practices within the meaning of S.C. Code Ann. § 39-5-10, § 39-5-20, and § 39-5-140.

45. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Defendant's unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendant's profits, and to an award of attorneys' fees under S.C. Code Ann. § 39-5-140(a).

### PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Defendant has promoted, distributed, offered and sold products bearing counterfeit reproductions of Patagonia's federally registered trademarks;

2. Adjudge that Patagonia's trademarks have been infringed by Defendant in violation of Patagonia's rights under 15 U.S.C. § 1114;

3. Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

4. Adjudge that Patagonia's copyrights have been infringed by Defendant in violation of Patagonia's rights under 17 U.S.C. §§ 501, *et seq.*

5. Adjudge that Defendant and her agents, employees, attorneys, successors, assigns, affiliates, sources and joint venturers, and any person(s) in active concert or participation with her, and/or any person(s) acting for, with, by, through, or under her, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that bear reproductions of the PATAGONIA trademarks or any trademarks that are substantially similar to the PATAGONIA trademarks;

    b. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia;

    c. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or her products with Patagonia or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

    d. Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

    e. Further infringing Patagonia's copyrights, including its rights in the Fitz Roy Design, or otherwise infringing any of Patagonia's rights under the Copyright Act and any other source of federal or state law;

    f. Otherwise competing unfairly with Patagonia in any manner; and

    g. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

  6. Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which she has complied with the judgment;

  7. Adjudge that Patagonia recover from Defendant statutory damages for Defendant's use of counterfeit copies of Patagonia's federally registered trademarks, as well as Patagonia's damages and lost profits, and Defendant's profits, in an amount to be proven at trial (and, with respect to Patagonia's copyright infringement claims, pursuant to Patagonia's election at any time before final judgment is rendered, award Patagonia statutory damages of up to $150,000 for each work infringed);

  8. Adjudge that Defendant be required to account for any profits that are attributable to her illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

  9. Adjudge that the amounts awarded to Patagonia shall be trebled;

  10. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

11. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

Dated: September 24, 2018                    Respectfully submitted,

                                            /s/ Alexander M. Bullock
Alexander M. Bullock (D. S.C. Bar No. 1567)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street NW, Suite 900
Washington, D.C. 20005
Telephone:   (202) 824-1416
Facsimile:    (202) 585-0065
E-Mail:         abullock@kilpatricktownsend.com

Gregory S. Gilchrist
Ryan T. Bricker
Alexandra N. Martinez
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300
E-Mail:         ggilchrist@kilpatricktownsend.com
                     rbricker@kilpatricktownsend.com
                     amartinez@kilpatricktownsend.com

Attorneys for Plaintiff
PATAGONIA, INC.

**DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

Dated:  September 24, 2018                Respectfully submitted,

                                        /s/ Alexander M. Bullock
Alexander M. Bullock (D. S.C. Bar No. 1567)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street NW, Suite 900
Washington, D.C.  20005
Telephone:   (202) 824-1416
Facsimile:    (202) 585-0065
E-Mail:        abullock@kilpatricktownsend.com

Gregory S. Gilchrist
Ryan T. Bricker
Alexandra N. Martinez
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300
E-Mail:        ggilchrist@kilpatricktownsend.com
                    rbricker@kilpatricktownsend.com
                    amartinez@kilpatricktownsend.com

Attorneys for Plaintiff
PATAGONIA, INC.

71177467V.3